## SOVEREIGN CAMP, WOODMEN OF THE WORLD, V. MONICO MARTINEZ ET UX.

No. 7312. Decided March 22, 1939.
(126 S. W., 2nd Series, 10.)

*Battaile, Burr & Holliday,* of Houston, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the "eye witness" clause contained in the by-laws of defendant association was void and invalid as being against public policy as an attempt to control and modify the procedure of the courts or to make a rule of procedure of courts or to make a rule of evidence contrary to the provisions of the statutes. Wertheimer v. Travelers Protective Assn., 64 Fed. (2d) 435; Southern Travelers Assn. v. Shattuck, 2 S. W. (2d) 568.

*Burris & Benton, of Houston,* for defendants in error.

The "eye witness" clause contained in the by-laws of the Association by its terms is made subject to the provisions of the certificate, and being inconsistent, the by-laws cannot present a defense to plaintiffs cause of action. Francis v. International Travelers Assn., 119 Texas 1, 23 S. W. (2d) 282; Pleadger v. Business Men's Acc. Assn., (Com. App.) 228 S. W. 110.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Harris County by the defendants in error, Monico Martinez and his wife, against the plaintiff in error, the Sovereign Camp of the Woodmen of the World (a fraternal beneficiary association, duly incorporated). The purpose of the suit is the recovery of the sum of $1000.00 alleged to be the balance due the defendants in error, as beneficiaries, under a beneficiary certificate issued by the Association to their son, Ebelio Martinez, now deceased. The recovery of penalties, interest and attorney's fees is also sought. The case was tried before the court without a jury, resulting in a judgment for the defendants in error for the sums sued for. The Court of Civil Appeals at Galveston affirmed the judgment of the trial court. (106 S. W. (2d) 852). The Association was granted the writ of error. While the applica-

tion contains a number of assignments of error, they present but a single question of law, namely, whether or not the by-law provision hereinafter set forth furnishes a valid defense against the recovery sought.

The certificate provided for indemnity in the sum of $1000.00 in case of death of Ebelio. The latter was drowned while the certificate was in force and effect. The above sum of $1000.00 has been duly paid and no controversy arises in that respect. Attached to the certificate, as a rider, the following clause appears:

"Supplementary agreement attached to and made a part of and subject to the terms and conditions of a certificate of membership in the Sovereign Camp of the Woodmen of the World No. L-942034-L on the life of E. Martinez, the member.

"Double-Indemnity Benefit:

"The Association will pay Two Thousand Dollars, less any indebtedness to the Association hereon, in lieu of the face amount of said certificate, upon receipt of due proof that the death of the member resulted, directly and independently of all other causes, from bodily injury effected solely through external, violent, and accidental means and within sixty days after sustaining such injury. This Double Indemnity Benefit shall not apply if the member's death resulted from self-destruction, whether sane or insane; from any violation of the law by the member; from military or naval service in time of war; from riot, insurrection, or war, or any act incident thereto; from engaging, as a passenger or otherwise, in submarine or aeronautic operations; from participating in professional automobile racing; from physical or mental infirmity; or directly or indirectly from illness or disease of any kind. The Association shall have the right and opportunity to make an autopsy."

There was no eyewitness to the drowning of Ebilio. No testimony of an eyewitness to show that the drowning was accidental was introduced at the trial. The trial court found that the drowning was accidental and this finding is based entirely on circumstantial evidence. The judgment was rendered for the additional sum of $1000.00 claimed by the defendants in error under the provisions of the double-indemnity clause set out above. Section 57 of the by-laws of the Association, which constitutes a part of the certificate in all respects as if same were embodied therein, provides, so far as presently material, as follows:

"Sec. 57. The following conditions, except as otherwise provided in the certificate, shall apply to every beneficiary, and

shall be binding on both the member and the beneficiary: * * *

"Tenth. The Association shall not be liable for the payment of double indemnity under any beneficiary certificate providing for double indemnity in case of the death of the member by accident, where it is claimed that death resulted from accidental drowning, cutting, poisoning, hanging, discharge of fire arms or shooting, unless the fact that such drowning, cutting, poisoning, hanging, discharge of fire arms or shooting was accidental shall be established by the testimony of at least one person other than the member, who was an eye witness to such drowning, cutting, poisoning, hanging, discharge of fire arms or shooting."

The Association claims that because Section 10 of this by-law constitutes a contractural stipulation prescribing a condition upon which liability under the double-indemnity clause shall depend, and since said condition has not been met, no liability under the double-indemnity clause appears. This presents the only question in the case as it appears before us. It is argued that this claim asserted by the Association is sustained by the decision in the case of Southern Travelers' Assn. v. Shattuck, 2 S. W. (2d) 568 in which case this Court refused the writ of error. This argument is not well founded. The by-law provision in question in that case read: "The association shall not be liable * * * when the member dies as the result of gunshot wounds or accidental discharge of firearms when there is no eyewitness except the member himself." It is seen at once that this provision simply excludes liability where there is no eyewitness to the casualty. It does not purport to lay any restriction on the character of evidence by which the fact that there was an eyewitness to the casualty should be proved.

■ The rule is settled in this State that a provision of a benefit certificate issued by a fraternal association, which purports to exclude from the general liability expressed in the certificate cases where proof of the death of the member depends upon presumptive or circumstantial evidence, is void as involving an attempt to prescribe a rule of evidence by which the courts are to be governed. Sovereign Camp of Woodmen of the World v. Robinson, 187 S. W. 215 (writ ref.) ; Fraternal Mystic Circle v. Hoskins, 171 S. W. 812; W. O. W. v. Boden, 117 Texas 229, 1 S. W. (2d) 256, 61 A. L. R. 682. The cases cited are indistinguishable on principle from the present case. For example, in the Robinson case, the by-law provision which constituted a provision of the insurance contract, and which the court held to be invalid, contained the following language: "The absence

or disappearance of the member herein named, whether admitted heretofore or hereafter, from his last known place of residence and unheard of shall not * * * create any right to recover any benefits on any certificate or certificates issued to such member, or on account of such membership, in the absence of proof of his actual death, *aside from and unassisted by any presumption arising by reason of such absence or disappearance,* until the full term of his life expectancy at his age of entry, according to the Carlyle table of life expectancy, has expired. * * *" (Emphasis ours.) The member disappeared from his home in September, 1912. At the time of his disappearance, the member, according to the Carlyle Table of Mortality, had a life expectancy of 22.7 years. On June 4, 1914, his wife, who was named as beneficiary in the certificate, brought suit against the fraternal association to recover the indemnity provided in the certificate. At the trial of the case, the fact that the member was dead was proved entirely by circumstantial evidence made up of the fact of the member's disappearance and the circumstances attending such disappearance. The fraternal association relied on the provision referred to above as imposing a valid limitation of liability under the certificate. The trial court rendered judgment awarding the recovery sought. The Court of Civil Appeals affirmed said judgment, and in doing so held that said provision was in contravention of Article 5407 of our statutes (now constituting Article 5541 of the Revised Statutes of 1925) which so far as material read as follows: "Any person absenting himself beyond the sea or elsewhere for seven years successively shall be presumed to be dead, in any cause wherein his death may come in question, unless proof be made that he was alive within that time. * * *"

In the Robinson case, the Court of Civil Appeals said:

"The by-law under consideration is clearly opposed to the statute of this State referred to above in relation to the presumption arising from seven years' absence without intelligence concerning the absent person and one the appellant could not lawfully make. It was therefore invalid, or without binding force, from the date of its enactment and could not be invoked in this case *to render ineffective any evidence that otherwise might be sufficient to establish the death of the insured.*" (Emphasis ours).

■ In the application to this Court for the writ of error in the above case (which we have examined) a complaint presented by the fraternal association, and one which was vigorously pressed, is to the effect that the above ruling of the Court of

Civil Appeals was erroneous for the reason that the statute mentioned was inapplicable to the facts of the case, in that seven years would not have elapsed until September, 1919. It follows, therefore, that the action of this Court in refusing the writ of error implies an approval of the ruling of the Court of Civil Appeals quoted above. The legal aspect of the question in the present case is essentially the same as the one decided there. In this case, the provision in question purports to deny the beneficiary the right to establish, by circumstantial evidence, the fact that the death of the member resulted from accidental means. This plainly contravenes Article 3713 of our statutes which reads as follows:

"The common law of England as practiced and understood shall, in its application to evidence, be followed and practiced by the courts of this State, so far as the same may not be inconsistent with this title or any other law."

For the reason that the by-law provision under consideration is in contravention of this statute, it is void, and consequently does not limit the character of evidence by which liability under the double-indemnity clause may be established.

The judgment of the Court of Civil Appeals affirming the judgment of the trial court, is affirmed.

Opinion adopted by the Supreme Court March 22, 1939.

Chief Justice Cureton not sitting.