**COBB et al. v. AMERICAN BONDING CO. OF BALTIMORE.**

No. 9609.

Circuit Court of Appeals, Fifth Circuit.

April 2, 1941.

H. J. Bernard and King C. Haynie, both of Houston, Tex., for appellants.

Newton Gresham, of Houston, Tex., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

A. D. Cobb, Jr., and A. D. Cobb, Sr., owned and operated a chain of retail liquor stores in Houston, Texas. On July 1, 1938, the American Bonding Company of Baltimore issued its "Blanket Position Bond" insuring the Cobbs against any loss of money or property through fraud, theft, or any other dishonest act or acts of an employee or employees. By the terms of the contract recovery was to be allowed for "that part of any inventory shortage which the Insured shall conclusively prove is caused by the dishonesty of any Employee or Employees". The Cobbs brought suit against the bonding company to recover for inventory shortages totaling $3,-883.29, which shortages were alleged to have been caused by the fraud or dishonesty of one or more employees. The cause was tried to a jury and at the close of the plaintiffs' evidence the court, on motion, instructed a verdict for the defendant.

The appellants contend that their evidence made a case for the jury; that the court gave undue emphasis to that portion of the bond contract which provides that in the event of inventory shortage "the Insured shall conclusively prove" that such shortage was caused by the "dishonesty of any Employee or Employees"; and that the court erred in directing a verdict for the defendant bonding company.

It is contended that the contract provision requiring conclusive proof is invalid. Sovereign Camp v. Martinez, 132 Tex. 580, 126 S.W.2d 10; Sovereign Camp v. Robinson, Tex.Civ.App., 187 S.W. 215; Supreme Ruling v. Hoskins, Tex.Civ.App., 171 S.W. 812; Sovereign Camp v. Boden, 117 Tex. 229, 1 S.W.2d 256, 61 A.L.R. 682. However, we do not find it necessary to de-

cide this contention for, this provision aside, it was incumbent upon the plaintiffs to present evidence sufficient to take the case to the jury on the issue that the inventory shortages were due to the dishonesty of an employee or employees. This they failed to do.

The evidence shows that periodic inventory checks from September, 1938, through April, 1939, revealed shortages in eight of the plaintiffs' retail stores. The shortages for individual stores varied widely, and from time to time inventory checks would reveal overages. At no time did the inventories check exactly. The plaintiffs kept check on store inventories by a system of bookkeeping which they termed "a retail perpetual control". Each store was "an independent store to itself". Merchandise was billed out to the stores at full retail or "shelf" prices, and the book inventory of the particular store was charged accordingly. The merchandise was supposed to be sold from the stores at full retail price, and if goods were sold at discount a sales slip showing the discount was supposed to be kept so that proper credit could be given to the perpetual control account. In the event of breakage, bottle caps were to be saved so that proper credit could be given when monthly inventory checks were made. Each month someone from Cobbs' central office went to each store and made an actual physical count of merchandise on hand. The merchandise was counted and its value for inventory purposes was taken to be its full retail or "shelf" price. When the physical count was completed and the final calculations made, the actual inventory value of goods on hand in the store should correspond with the value shown by the book inventory or "perpetual retail control" account.

The fact that plaintiffs showed inventory shortages from time to time in eight of their stores was not enough to establish that such shortages were due to dishonesty of an employee or employees. Under the bookkeeping system used by the plaintiffs shortages would be reflected by any number of things other than dishonest conduct of employees. Moreover, it is highly improbable that employees in eight separate and independent stores were at the same time making shortages in a dishonest or fraudulent manner.

Viewing all the evidence in the light most favorable to the plaintiffs it, at most, creates no more than a surmise or suspicion that some of the shortage reflected by the inventories might have been due to dishonesty on the part of an employee or employees. Verdicts may not rest upon guess or conjecture, and where, as here, the probative force of all the evidence of the plaintiff does not go beyond the point of creating a mere surmise or suspicion, it becomes the duty of the trial court to instruct a verdict for the defendant. Trial-Civil Cases § 176, 41 Texas Jur. p. 944; Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Interstate Circuit v. Le Normand, 5 Cir., 100 F.2d 160; Shapleigh v. United Farms, 5 Cir., 100 F.2d 287.

The plaintiffs failed to make a case for the jury and the court properly instructed a verdict for the defendant.

Affirmed.