**HULL et al. v. MAGNOLIA PETROLEUM CO. et al.**

No. 9501.

Circuit Court of Appeals, Fifth Circuit.

April 17, 1941.

Rehearing Denied May 10, 1941.

T. P. Hull, of San Antonio, Tex., for appellants.

Thomas Fletcher, of Houston, Tex., Hugh Carney, of Atlanta, Tex., Walace Hawkins, of Dallas, Tex., and J. G. Strong, of Carthage, Tex., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was, by the heirs of the lessor, for cancellation, and damages for nondevelopment, of an oil and gas lease, or in the alternative, for equitable relief against the failure of lessee to develop. The claim was that upon a lease of approximately 6,-000 acres requiring reasonable development for oil and gas, defendants had in total breach of their obligation to develop, completed only two producing wells, whereas, defendants were reasonably obligated to develop the property on a basis of at least one well to each 50 acres.

The defenses on which appellees prevailed below were two-fold. One of these was that a provision of Paragraph (3),[1] of the lease contract, expressly fixes and defines the drilling obligations, and the obligations so fixed are entirely inconsistent with and completely exclude implied covenants for diligent development. The other was, that by Paragraph (6),[2] lessor had agreed with lessees that none of the covenants, expressed or implied were to be understood as conditions; that their breach would not work a forfeiture, abandonment or termination of the lease, and grantee should not be liable in damages for breach of any implied obligation or covenant; and that because of such agreement, appellants were without standing in equity to obtain relief from lessee's holding the property beyond the ten year term without developing it.

Appellants are here insisting: That the first defense completely loses sight of and nullifies the principal apparent purpose of the parties, that the lease be developed for oil and gas, and that under the influence of that view, it wholly misinterprets the paragraph on which it relies and the contract as a whole.

Of the second defense, that the lease validly provides that breaches of its covenants will neither work a forfeiture nor give rise to an action for damages, appellants say that if these provisions are valid, they do not make against, they give emphasis to their claim for equitable relief.

We agree with appellants. Notwithstanding the statements in Paragraph (6) that "title to the minerals vested in grantee under the grant shall not end or revert to grantor until there is a complete, absolute and intentional abandonment by grantee", it is quite clear from the lease[3]

---

[1] "It is expressly understood and agreed that grantee is not under obligation to nor compelled to commence or drill any well or wells or conduct any character of operations on the land herein described during the term of this grant, save and except such as may be reasonably necessary to protect said land from drainage from producing wells on adjoining lands."

[2] "The covenants mentioned in this lease, as well as all implied covenants, are not to be understood as conditions, and the breach of one or all of same will not work a forfeiture, abandonment or termination of this lease. Grantee shall not be liable in damages for a breach of any implied obligation or covenant. However, the failure to drill or pay rentals especially provided for in paragraph Second hereof may be the only grounds for forfeiture of this lease as therein provided.

"Title to the minerals vested in grantee under this grant shall not end or revert to grantor until there is a complete, absolute and intentional abandonment by grantee of each and all of the purposes, expressed or implied, of this grant and every part and parcel of the premises described in this grant."

[3] The State of Texas, County of Bexar.

Know All Men By These Presents, that I, E. A. Hull, a widower * * * for and in consideration of the sum of Sixteen Thousand One Hundred Fourteen and 80/100 ($16,114.80) Dollars to me paid by Magnolia Petroleum Company, * * * have Granted, Sold and Conveyed, and do hereby Grant, Sell and Convey, (subject to the royalties hereinafter reserved) unto said Magnolia Petroleum Company, all of the oil, gas and other minerals in, on or under the tract of land hereinafter described * * * containing 5,371.6 acres, more or less.

To Have and To Hold unto the said Grantee its successors and assigns, said minerals and rights, for the period of ten (10) years from the date hereof and for such other and further period of time as any of such minerals are produced from said land; provided, if, prior to the expiration of said period, Grantee shall have begun the drilling of a

as a whole, and it must be read and interpreted as a whole and not in fragments, Humphrys v. Skelly Oil Co., 5 Cir., 83 F. 2d 989, that its principal apparent purpose after the expiration of the ten year term, was the development of the leased premises for oil and gas.

It is equally clear that under the rule, that the "principal apparent purpose of the parties should be given the greatest weight in determining the meaning to be given the words they used", Contract, Restatement, Sec. 236; Cocke v. Vacuum Oil Co., 5 Cir., 63 F.2d 406, appellee's construction of the word "term" in the third paragraph, as applying not only to the ten year term, but any extension thereof, must be rejected and the word must be construed as referring to the fixed or ten year term, and not at all to an extension of it by development. Any other meaning would be absolutely self-contradictory and would completely nullify the provision of the "habendum" clause for an extension of the ten year term by drilling, for it would have the lease say in Paragraph (3) that drilling was not required during either the term or its extension and in the second paragraph that diligent drilling was essen-

well or wells on said premises to find oil or gas, then it shall have the right to hold this grant and to continue its drilling operations with reasonable diligence and also to make as many additional attempts to find oil and gas in paying quantities as it pleases, even though such operations extend beyond the expiration of said ten (10) years term; provided, however, that these operations so extending the grant, beyond such ten (10) years term must be prosecuted with reasonable diligence, and the attempts to find oil must be successive in the sense that, until oil or gas be found in paying quantities, not more than thirty (30) days shall elapse between the cessation or abandonment of work on one well and the beginning of operations for drilling another; and if oil, gas or other minerals be found as a result of such attempts this grant shall continue in force for such further periods of time as any of said minerals are produced from said land.

First. While this grant is in force, grantee shall have, and grantor hereby grants to said grantee and its successors and assigns, the exclusive right of exploiting and searching on said land for oil, gas and other minerals, and of drilling and operating thereon for and producing same; and to carry out the purposes of this instrument, the following rights are granted—Here follow the provisions usual in similar clauses in oil and gas leases.

Second. The down cash payment hereinabove recited is paid and accepted in full and final payment of not only the bonus paid for this grant, but is in lieu of any and all delay rentals usually provided for in oil and gas grants and leases, this being intended as an absolute grant of the oil, gas and other minerals in, on or under the above described lands, with the right, during the term hereof, to enter upon said lands and remove said oil, gas and other minerals, subject to the payment of the royalties herein provided and in accordance with all the terms and provisions of this grant.

Third. The royalties reserved by the grantor, and which shall be paid by grantee, are:

(a) On oil, one-eighth (1/8) * * *

(b) On natural gas, one-eighth (1/8) * * *

(c) On gas produced from oil wells (including what is usually called casinghead gas, one-eighth (1/8) * * *

It is expressly understood and agreed that grantee is not under obligation to nor compelled to commence or drill any well or wells or conduct any character of operations on the land herein described during the term of this grant, save and except such as may be reasonably necessary to protect said land from drainage from producing wells on adjoining lands. * * *

On minerals other than oil and gas, 1/8, on sulphur, $1.00 a ton; * * * royalties to be paid only on grantor's true interest * * *

Fourth. The usual clause protecting grantor's surface rights * * *

Fifth. Among the other rights granted said grantee and its successors and assigns in consideration of the down cash payment made on delivery hereof, is the right and option which is hereby granted them, to surrender and release, at any time, from the operation of this grant or contract, either all of said land or any part of it designated by grantee, upon paying ten cents (10 cents) per acre additional on the land surrendered and all sums due under the terms of this grant to date of surrender; or, if producing wells have been drilled on said premises, then to surrender and release all of said land except twenty (20) acres for each producing oil well and fifty (50) acres for each producing gas well to be retained and held subject to the grant and selected by the grantee around the well or wells as near in the shape of a

tial to the extension of the term. That the parties understood that the lease and the obligations of the parties under it, were clearly divided into two periods, one, the ten year term and thereafter until oil found, the period of express obligation, the other, the extension of the term after oil found, the period of implied obligation, was made abundantly clear by the provision of the sixth paragraph expressly recognizing the existence of implied covenants and making provision for limiting their effect. We therefore hold; that the lease is without express provisions, fixing and defining drilling obligations after oil is found; that drilling thereafter is governed by the covenants implied in the lease; that the cases appellees rely on, such as Cowden v. Broderick, 131 Tex. 434, 114 S. W.2d 1166, 117 A.L.R. 61; Gulf Production Co. v. Kishi, 129 Tex. 487, 103 S.W.2d 965, are wholly without application; and that the cases controlling here are Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.2d 27; Cosden Oil Co. v. Scarborough, 5 Cir., 55 F.2d 634; Amerada Petroleum Co. v. Doering, 5 Cir., 93 F.2d 540, 114 A.L.R. 1385; Brewster v. Lanyon Co., 8 Cir., 140 F. 801; Sauder v. Mid-Continent Petroleum Corp., 292 U.S. 272, 54 S.Ct. 671, 78 L.Ed. 1255, 93 A.L.R. 454.[4]

We think it quite plain therefore, that whether the provision in Paragraph (6), that grantee should not be liable in damages for breach of any implied covenant in view of settled Texas law that such breaches give rise to damage claims, Waggoner Estate v. Sigler Oil Co., supra, is or is not valid,[5] the case, presented, of two wells on the 6,000 acre lease, on a record showing, as this does, that the whole property was proven or at least that there was reasonable grounds to believe that it was oil bearing, presents a clear case for equitable relief directly within Amerada Petroleum v. Doering, and Sauder v. Mid-Continent Petroleum Corp., supra.

The judgment is therefore reversed and the cause is remanded with directions to the district judge to frame a decree that the lease shall be terminated, cancelled and held for naught except as to 20 . acres around each well already drilled, unless defendants lessees, shall, within a reason-

---

square or rectangle as may be practicable. Upon making such surrender the grantee shall thereupon be released from all further payments, liabilities or obligations as respects the land surrendered.

It is understood, however, that, if grantee should institute any suit in any Court of law or equity to enforce this grant or contract, or any of its terms, or the execution or delivery thereof, or to recover by virtue thereof possession of said land, or any part of it, against or from the grantor, his heirs, executors, administrators, successors or assigns, the grantee shall thereby immediately and concurrently with the filing of such suit abandon and waive the right to exercise this surrender clause and the option to surrender therein granted at any time prior to the expiration of said ten (10) years term, or the completion of a test well on said premises.

Grantor agrees that in consideration of said down cash payment made at delivery hereof, grantor will permit the operations mentioned hereunder; and grantor will permit operations mentioned hereunder; and grantor also expressly renounces and disclaims any right to set up or ask for a forfeiture of this grantor of any part thereof, on account of said right of surrender. In case of partial surrender by grantee the royalties shall be paid by grantee only from the production on the land retained, and all obligations hereunder shall relate only thereto.

Sixth. See Note 2, supra. * * *

Seventh. Usual provisions for release upon surrender. * * *

Eighth. Usual clauses of warrants and for payment of taxes and charges on the property. * * *

Ninth. Usual clause excusing delay in operations beyond grantee's control and providing additional time when necessary to defend title against adverse claims. * * *

Tenth. Usual clause for assignment and providing that change in ownership or partition of the land will not impose additional obligations.

Eleventh. Usual provision for place where payments to grantee are to be made. * * *

[4] Cf. 3 Summers Oil and Gas, Permanent Edition, §§ 459, 462.

[5] Cf. 17 C.J.S., Contracts, § 211, P. 563—agreements contrary to public policy; 12 Am.Jur. Sec. 183 and Sovereign v. Boden, 117 Tex. 229, 1 S.W.2d 256, 61 A.L.R. 682, holding invalid agreements fixing the amount of evidence required for recovery; Sovereign v. Martinez, 132 Tex. 580, 126 S.W.2d 10; Sovereign v. Robinson, Tex.Civ.App., 187 S. W. 215; Supreme Ruling v. Hoskins, Tex.Civ.App., 171 S.W. 812.

able time to be fixed by the court, commence and thereafter diligently prosecute drilling operations for the development of the lease for oil and gas.

Reversed and remanded.