**DAUER v. SUN OIL CO. et al.**

**No. 9739.**

Circuit Court of Appeals, Fifth Circuit.

Jan. 24, 1942.

Rehearing Denied March 7, 1942.

McCORD, Circuit Judge, dissenting.

———◆———

W. C. Vinyard and E. T. Miller, both of Amarillo, Tex., for appellant.

Clayton L. Orn, of Fort Worth, Tex., D. H. Culton, of Amarillo, Tex., and J. W. Timmins, of Dallas, Tex., for appellees.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

This is a suit by appellant, A. J. Dauer, hereafter called plaintiff, against the Sun Oil Co., Cities Service Gas Co. and Texoma Natural Gas Co., hereafter referred to as defendants, to cancel certain oil and

gas leases. The suit was dismissed on motions of defendants without a trial on the merits.

The complaint and annexed exhibits disclose the following facts. Dauer is the owner of section 73, lot 4, I. & G. N. Ry. survey in Carson County, Texas, consisting of 1280 acres. On November 18, 1918, he executed an oil and gas lease on the tract to R. L. Brown. By mesne conveyances the lease passed by assignment to Sun Oil Co. on July 31, 1920. On April 20, 1928, Sun Oil Co. assigned all the gas rights, except casing head gas, to Cities Service Gas Co. On October 24, 1931, Cities Service Gas Co. assigned its gas rights to Texoma Natural Gas Co. for the west half and southeast quarter of section 73. The original lease to Brown contained the usual clauses and provided for a royalty of ⅛ of the oil and the sum of $100 yearly for the gas from each well where gas only was found. The lease provided for its termination if operations for drilling for oil or gas were not begun before the 11th day of November, 1919, unless the lessee before that day should pay or tender to the lessor or deposit to his credit $64 for each six months for the privilege of deferring the commencement of such well and that the lease would be kept in force for a period of ten years by such payments. The lease provided "the location of wells, extent of operation and all matters incidental thereto shall be only such as lessee in its business judgment deems best"; and that whenever a well is drilled on adjoining property within 300 feet of the premises the lessee shall, within a reasonable time after the commencement or utilization of such well, commence and complete a well to offset the same. It is not alleged that the semi-annual payments to keep the lease in force were not made or that a well had been drilled within 300 feet of the property. The lease further provided "there shall be no implied covenants read into this lease." The lease also further provided that the lessee should have the right to assign the lease or any interest therein or any portion of the acreage covered thereby.

The complaint alleges, in substance, that Cities Service Gas Co. drilled and completed a well on the said tract July 11, 1928, to a depth of 2441 feet and Texoma Natural Gas Co. drilled and completed a well on May 17, 1932, to a depth of 2525 feet; that defendants have tendered plaintiff $100 per well, which he refused to accept; that within less than two miles three wells had been completed respectively to depths of 3200 feet, 3040 feet and 3170 feet, all of which are producing oil in paying quantities; that the real enterprise contemplated by the parties under the terms of the lease was the exploration for and development of oil; that at the time Cities Service Company drilled to a depth of 2400 feet the known oil horizon in the Panhandle and in the area of plaintiff's land was below 3000 feet, which the defendants knew.

Plaintiff prayed for a decree requiring the defendants to proceed within a reasonable time to develop the property or test the same for oil and in the alternative that the lease be cancelled in whole or in part on such terms as to do equity, and in the further alternative for a decree that the enterprise had been abandoned and all right, title and interest of defendants terminated and ended, except a sufficient interest to protect the existing gas rights.

Plaintiff relies upon the doctrine that in oil and gas leases there is an implied covenant to further develop the land after production has been secured. Plaintiff would treat as merely incidental and immaterial the provision of the lease that no implied covenants are to be read into it.

Whether an implied covenant to further develop is incorporated in an oil lease depends upon the provisions of the lease and the presumed intention of the parties. In each case the question is presented as to whether an ordinarily prudent person would attempt to further develop the lease. Under the original lease the allocation of wells, extent of operation and all matters incidental thereto were left to the lessee to be decided. The provision that there shall be no implied covenants read into the lease emphasizes this and can not be disregarded.

The complaint admits that the sum of $100, which is all plaintiff was entitled to for each producing gas well, has been tendered and refused. Conceding that defendants got the better of the bargain, we can not make a new contract for the parties. We do not consider the complaint states a case requiring a decree ordering defendants to further develop the land within a fixed time nor for a decree declaring the lease forfeited either on the ground of failure to develop or abandon-

ment of the lease. The following decisions and authorities therein cited sustain these conclusions. Hines v. Hanover Co., Tex. Com.App., 23 S.W.2d 289; Leonard v. Prater, Tex.Com.App., 36 S.W.2d 216, 86 A.L.R. 499; Ralph v. Magnolia Petroleum Co., Tex.Civ.App., 95 S.W.2d 222; Cosden Oil Co. v. Scarborough, 5 Cir., 55 F.2d 634; Amerada Petroleum Co. v. Doering, 5 Cir., 93 F.2d 540, 114 A.L.R. 1385.

Reversible error not appearing the judgment is affirmed.

McCORD, Circuit Judge (dissenting).

The allegations of the complaint, when taken as true, show that the appellee has failed to make a reasonable exploration for oil on the leased property. I think a decree should be entered ordering appellee to develop the property for oil within a reasonable time or forfeit its oil rights under the lease. Cf. Hull v. Magnolia Petroleum Co., 5 Cir., 119 F.2d 123; Amerada Petroleum Co. v. Doering, 5 Cir., 93 F.2d 540, 114 A.L.R. 1385.