## G. C. KIRN ADVERTISING SIGN CO. v. ADMIRAL CORPORATION.

### No. 9599.

United States Court of Appeals
Seventh Circuit.

Nov. 11, 1948.

Rehearing Denied Dec. 3, 1948.

500

Gustave A. Stamm, of St. Louis, Mo., and Harold V. Snyder, of Chicago, Ill., for appellant.

Ferris E. Hurd and John R. Whitman, both of Chicago, Ill. (Pope & Ballard, of Chicago, Ill., of counsel), for appellee.

Before KERNER and MINTON, Circuit Judges, and BRIGGLE, District Judge.

KERNER, Circuit Judge.

This action was brought in the Circuit Court of Cook County, Illinois, to recover damages for breach of contract. Upon motion of defendant, a Delaware corporation, the case was removed because of diversity of citizenship.

Plaintiff is engaged in the business of manufacturing, selling, and maintaining electric outdoor and storefront display signs used for the purpose of advertising the products of its customers. Defendant is engaged in the manufacture and sale of radios, refrigerators, and a variety of other products, which it markets through distributors.

Plaintiff in its complaint alleged that defendant engaged plaintiff for the purpose of developing a special sales campaign in order to bring about the installation and maintenance of standard electric display signs upon the exterior of the places of business of defendant's distributors throughout the United States, which would identify the distributor with defendant and advertise defendant's products; that at the request of defendant, plaintiff prepared a series of designs for various types of electric display signs and formulated specifications for their manufacture; that pursuant to the agreement of the parties, plaintiff prepared a folder of which more than 6,800 copies were furnished defendant, showing nine types of standard display signs and setting forth directions for the manufacture of any special sign that might be required; and that pursuant to the contract, plaintiff, on June 10, 1945, caused its officers to attend a meeting of defendant's distributors, at which it became known to plaintiff for the first time that defendant had embarked upon a campaign for the distribution of signs other than that agreed upon by plaintiff and defendant in direct violation of the understanding of plaintiff and defendant.

Defendant in its answer admitted that plaintiff had prepared designs and formulated specifications for the manufacture of various types of electric display signs and had prepared a folder showing nine types of display signs, but it denied that it had engaged plaintiff for the purpose of developing a special sales campaign as set forth in the complaint. It also denied that defendant's program had been instituted without plaintiff's knowledge or that it rendered plaintiff's program useless.

The case was tried without a jury. The court made special findings of fact, pronounced its conclusions of law thereon, and rendered judgment in favor of defendant. To reverse the judgment, plaintiff appealed.

The only error relied on for a reversal relates to the findings of the District Court. This is made clear from statements in plaintiff's brief to the effect that the case is "one determinative strictly from the evidence" and that the controversy is what "type of contract * * * was entered into by the parties." We address ourselves to that contention.

Appellant argues that its contract was "one employing it to conduct a campaign for outdoor signs to appellee's 6,500 dealers scattered throughout the United States."

The court found as a fact that in the latter part of 1944 defendant made arrangements for the designing of a group of cheap signs to be distributed to its dealers and that when plaintiff, on January 23, 1945, first solicited defendant with respect to a higher-priced sign program, sketches of signs for defendant's own cheaper signs, the cost of which was estimated at less than $200, were in the course of preparation, and that defendant's plan with respect to the manufacture and distribution of the cheaper signs was discussed with plaintiff; and that plaintiff, with knowl-

edge of defendant's plan for distribution of the cheaper signs, made preparations, with defendant's approval, for the sale to defendant's dealers of the higher-priced signs, which were illustrated in a brochure prepared by plaintiff for distribution to defendant's dealers.

The court also found that defendant never stated or represented to plaintiff that defendant would discontinue the cheaper sign program, or that it would refrain from preparing and sending out to any of its dealers a brochure illustrating the cheaper signs. The court further found that the average cost of manufacturing plaintiff's sign was estimated at approximately $400, and that on June 10, 1945, immediately after a rehearsal meeting held by defendant in preparation for a meeting of its distributors and attended by plaintiff's representatives, plaintiff, of its own volition, discontinued its own program of higher-priced signs. Based upon these facts, the court concluded as a matter of law that defendant had not breached any contract with plaintiff.

It is true the trial judge did not make a special finding as to what specific contract, if any, had been entered into between the parties, but we think it is implicit in the findings and conclusions that were made, that the court found as a fact that no contract was entered into by the parties in and by which appellee employed appellant to conduct a campaign for outdoor signs among appellee's dealers. It would not serve any useful purpose to detail the evidence relating to this issue. It will suffice to say that we have examined the testimony of all the witnesses heard, considered the inferences fairly to be drawn from all the evidence, and have reached the conclusion that the findings are not cleary erroneous. They must stand undisturbed on appeal, Gaytime Frock Co. v. Liberty Mut. Ins. Co., 7 Cir., 148 F.2d 694, 696; Cudahy Packing Co. v. United States, 7 Cir., 152 F.2d 831, 836; and Connolly v. Gishwiller, 7 Cir., 162 F.2d 428, 434, and the judgment of the District Court must be affirmed.

In reaching this conclusion we have not overlooked appellant's argument that where one party makes it impossible for the other party to perform, the injured party may treat the contract as rescinded. In the state of this record, we fail to see its applicability.

Affirmed.