Augusta **HILL** and Mamie Hill, Plaintiffs-Appellants,

v.

Lewis M. **GREGORY**, Defendant-Appellee.

No. 11843.

United States Court of Appeals
Seventh Circuit.

Feb. 26, 1957.

Tom L. Yates, Chicago, Ill., Warren P. Hill, Chicago, Ill., of counsel, for appellants.

Gordon R. Close, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Plaintiffs, residents of the state of Wisconsin, sued defendant in the United States District Court for the Northern District of Illinois, describing him as a resident and citizen of Aurora, Kane County, Illinois. Their complaint recited that the grounds upon which that court's jurisdiction depended were diversity of citizenship and the fact that the matter in controversy exceeded the sum of $3,000. The cause of action was for damages sustained by plaintiffs as the result of a collision between an automobile in which plaintiffs were riding in the state of Mississippi and an automobile then and there driven by defendant. On motion of defendant, the district court entered an order dismissing the complaint for lack of jurisdiction, from which order this appeal was taken.

On the hearing of the motion the district court considered defendant's affidavit, stating that "from the briefs it appears that the fact averments of the affidavit are not controverted." The court also stated that a deposition of defendant taken by the plaintiff had not been submitted to the court. Such deposition was filed in the office of the clerk of the district court under date of July 3, 1956. However, in the court's memorandum decision filed June 8, 1956, facts are set forth which both parties agree appeared in that deposition. This minor mystery we make no attempt to solve. For the purpose of this decision we consider all of the pertinent facts appearing in the affidavit and the deposition.

Title 28 U.S.C.A. § 1391(a) provides:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

It is clear that, if defendant did not reside in the state of Illinois when this suit was filed, the court had no jurisdiction of the case.

The court relied upon the facts which we now set forth. Defendant was born in New Albany, Mississippi, and lived there until 1951 when he made a trip to visit friends residing in Aurora, Illinois; that due to financial conditions, he decided to seek temporary employment there and obtained the same with Stoner Manufacturing Company in Aurora where he has been employed to date; that he paid his poll tax in Mississippi and is a registered voter there; that in 1952 he obtained his driver's license in Mississippi, which expires in 1956; that he owns a 1955 Chevrolet which he purchased in New Albany, Mississippi and financed the same through a G.M.A.C. agency in Tupelo, Mississippi; that during the time he has been working in Aurora he returned to New Albany on approximately thirty-five occasions, remaining there for periods of from one day to two weeks; that he maintains his residence with his uncle in New Albany, Mississippi, and keeps his personal property there; that it has always been his intention to return there and, when the accident happened, it had been his intention to remain in New Albany, but due to that event he was compelled to return to Aurora where he is able to earn more money to meet his expenses; that he lives in the Oak Grove Trailer Park in Aurora. The defendant's automobile has both Illinois and Mississippi license plates; it is registered in Illinois; the defendant has an Illinois chauffeur's license issued in 1955 which expires in 1956; his car bears an Aurora city license sticker; he has filed income tax returns in Chicago; he is not a regis-

**614**

tered voter in Illinois; the last time he voted was in Mississippi four years ago, making a special trip from Aurora to do so; he paid his Mississippi poll tax some time after Christmas 1955 or early 1956.

From these facts the district court drew the conclusion that defendant is a resident of New Albany, Mississippi.

 Under rule 52(a) of the Federal Rules of Civil Procedure,[1] it is for the trial judge to determine the propriety of the inferences and conclusions to be drawn from the undisputed facts.[2] As we said in Central Ry. Signal Co. v. Longden, 7 Cir., 194 F.2d 310, 317:

> " * * * His is the primary function of finding the facts and choosing from amongst conflicting factual inferences those which he considers most reasonable. Even where there is no dispute about the facts, if different reasonable inferences may be fairly drawn from the evidence, we are forbidden to disturb the findings based on such inferences unless they are clearly erroneous. Gaytime Frock Co. v. Liberty Mut. Ins. Co., 7 Cir., 148 F.2d 694, 696. See also Hanock v. Eck, 7 Cir., 183 F.2d 632, 635; Moths v. United States, 7 Cir., 179 F.2d 824."

Applicable to this case is what we said in that case, 194 F.2d at page 318:

> "Realizing these limitations upon our functions, we have examined in detail the record submitted in this appeal and, after such examination, find it devoid of anything that would justify us in saying that the findings are erroneous. * * *"

 On the facts as so found and the provisions of sec. 1391(a),[3] the district court was correct in ordering the complaint dismissed for lack of jurisdiction. Its judgment is affirmed.

Judgment affirmed.

1. 28 U.S.C.A. rule 52(a).

2. Mid-Continent Pipe Line Co. v. Whiteley, 10 Cir., 116 F.2d 871, 874.