John A. JAMES, and Service Fire Insurance Company of New York, Intervenor, Appellants.

v.

UNITED STATES of America, Appellee.

No. 16836.

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1958.

688

Robert E. Eatman, Whitfield Jack, Shreveport, La., Booth, Lockard, Jack & Pleasant, Shreveport, La., of counsel, for appellants.

Marcus A. Rowden, Paul A. Sweeney, Hershel Shanks, Attys., Dept. of Justice, Washington, D. C., George Cochran Wilson, U. S. Atty., Shreveport, La., for Doub, Asst. Atty. Gen., T. Fitzhugh, appellee.

Before RIVES, BROWN, and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

By this action under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., appellant [1] sought to recover for severe personal injuries and property damage resulting from a collision between appellant's automobile and an Army truck-van-trailer on the night of November 25, 1955. We pretermit a statement of the facts for they are fully developed in a thoroughly considered opinion by District Judge Benjamin C. Dawkins, Jr., reported in 151 F.Supp. 404 et seq. Judge Dawkins found that the appellant was barred from recovery because of his own contributory negligence.

For purposes of this appeal, we may assume, without deciding, that the appellee was guilty of actionable negligence. There was evidence from which the district court might have so found. The appellant does not question the correctness of the principle relied on by the district court that under Louisiana law negligence on the part of the injured person, proximately contributing to the collision, is a complete bar to recovery.

In an effort to overcome the "clearly erroneous" burden of Rule 52 (a), Federal Rules of Civil Procedure, 28 U.S.C.A.,[2] skillful counsel for the appellant adopts the tactic of not questioning the district court's "unmixed findings of fact," but of attacking its conclusion "as a matter of law, or, at best, as a mixed matter of law and fact, that plaintiff was guilty of contributory negligence." The answer is, of course, that, if different reasonable inferences can be fairly drawn from the evidence, this Court, on appeal, cannot disturb the district court's findings based on such inferences unless they are clearly erroneous.[3] A reading of the opinion of

---

1. For convenience, the original plaintiff, James, is referred to as the appellant in this opinion.

2. "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be. given to the opportunity of the trial court to judge of the credibility of the witnesses."

3. United States v. United States Gypsum Co., 333 U.S. 364, 394, 68 S.Ct. 525, 92 L.Ed. 746; Daniel v. United States, 5 Cir., 1956, 234 F.2d 102, 106; United States v. Fotopulos, 9 Cir., 1950, 180 F. 2d 631, 634; Hill v. Gregory, 7 Cir., 1957, 241 F.2d 612, 614.

the district court (151 F.Supp. 404) is sufficient to establish that its finding that the appellant was guilty of contributory negligence is not clearly erroneous.

Appellant's counsel insists, however, that under the "doctrine of unbroken negligence"[4] or last clear chance,[5] appellant's negligence did not *proximately* contribute to his injury. He had urged that theory in brief in the district court, but the findings and opinion of the court do not comment on it. He now urges, therefore, that the findings are insufficient, and that we should make additional findings.

The only agent or servant of the appellee charged with subsequent negligence is the driver of its truck-van-trailer. Admittedly, the other government employees did all that lay within their power after they either discovered or should have discovered the appellant's peril. Appellee's driver, on his part, never did *actually* discover the automobile of appellant or his perilous position until after the collision. The most that is contended is that if the driver had exercised reasonable care he would have made such discovery. Ordinarily, that is sufficient in Louisiana to bring into operation the last clear chance doctrine.[6]

Where, however, as in this case, the contributory negligence of the person injured has continued down to the occurring of the accident, or, in other words, has been concurrent with the negligence of the defendant at the very moment of the accident, and where the defendant had no better "last chance" to avert the accident than did the injured party, there can be no recovery under the doctrine of last clear chance.[7] The cases relied on by the appellant are easily distinguishable, for the defendant does have a better "last chance" to avert the accident when the plaintiff remains unaware of his peril, but the defendant actually discovers the plaintiff's peril in time to avert the injury,[8] or when the defendant negligently fails to observe the peril of a drunken or disabled person,[9] or when the defendant has the really *last* opportunity to observe the peril of a motorist in front of him proceeding in the same direction.[10]

Clearly, under the facts of this case, appellee's driver had no better last chance to avoid the accident than did the appellant himself. The case is within the class aptly described in Rottman v. Beverly, 1936, 183 La. 947, 165 So. 153, 155, as follows:

" * * * There was negligence on both sides which continued to the moment of the accident, and the negligence on each side was of the same character—a failure to observe, to take proper precautions. The negligence of the plaintiffs and that of the defendants was concurrent, contemporaneous, down to the moment of the accident.

"In those cases the fault of each operated directly to cause the injury. The defendants had no better 'last chance' to avert the accident than did the pedestrians, and inasmuch as the pedestrians could have avoided the injuries by taking proper precautions, and failed to do so, and as their negligence continued down to the accident, they were in

4. Herring v. Holicer Gas Co., La.App. 2 Cir., 1945, 22 So.2d 868, 871, 873.

5. Eggleston v. Louisiana & A. R. Co., La. App. 2 Cir., 1939, 192 So. 774, 780; Bergeron v. Department of Highways, 1952, 221 La. 595, 60 So.2d 4, 8; Watson v. McEacharn, La.App. 2 Cir., 1957, 99 So.2d 138, 141, 142.

6. Eggleston v. Louisiana & A. R. Co., supra, note 5.

7. Jarrow v. City of New Orleans, 1929, 168 La. 992, 123 So. 651, 652; Harrison v. Louisiana Western R. Co., 1913, 132 La. 761, 61 So. 782, 783; Castile v. O'Keefe, 1915, 138 La. 479, 70 So. 481, 482.

8. Rottman v. Beverly, 1936, 183 La. 947, 165 So. 153; Herring v. Holicer Gas Co., La.App. 2 Cir., 1945, 22 So.2d 868, 873.

9. Jackson v. Cook, 1938, 189 La. 860, 181 So. 195.

10. Watson v. McEacharn, supra, note 5.

no position to invoke in their behalf the doctrine of last clear chance."

Doubtless, the learned district judge also thought that the case was not one for the application of the last clear chance doctrine, and for that reason failed to discuss it.

We find no error is the record, and the judgment is

Affirmed.