**Raymond L. RUTHERFORD, Appellant,**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.**

No. 17865.

United States Court of Appeals
Fifth Circuit.

May 13, 1960.

C. Paul Barker, New Orleans, La., S. E. Morse, Gulfport, Miss., George M. Leppert, New Orleans, La., for appellant.

James L. Byrd, Jackson, Miss., for appellee.

Before JONES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

In this case the district judge, able and experienced and trained in the common law, directed a verdict for the defendant railroad, holding that: (1) the plaintiff "failed to show where the railroad company was negligent at all"; (2) "as a matter of law [the plaintiff failed to show that the defendant] was guilty of contributory negligence"; (3) the doctrine of last clear chance was inapplicable. On appeal this Court affirmed the judgment below. We agreed with the district judge as to each of the three bases for the directed verdict.

The appellant has now applied for a rehearing. He concentrates on the last clear chance doctrine, contending that this Court applied an outmoded version of the doctrine and that the Court used the Louisiana appellate technique of deciding disputed factual elements in the case instead of allowing the jury to decide the facts.

In appellant's original brief he stated that he was "perfectly willing to accept the rule" as expressed in James v. United States, 5 Cir., 1958, 252 F.2d 687, 689. The James case states the Louisiana last clear chance doctrine as follows:

"Where, however, as in this case, the contributory negligence of the person injured has continued down to the occurring of the accident, or, in other words, has been concurrent with the negligence of the defendant at the very moment of the accident, and where the defendant had no better 'last chance' to avert the accident than did the injured party, there can be no recovery under the doctrine of last clear chance. The cases relied on by the appellant are easily distinguishable, for the defendant does have a better 'last chance' to avert the accident when the plaintiff remains unaware of his peril, but the defendant actually discovers the plaintiff's peril in time to avert the injury, or when the defendant negligently fails to observe the peril of a drunken or disabled person, or when the defendant has the really *last* opportunity to observe the peril of a motorist in front of him proceeding in the same direction."

We held in James that since the appellee's driver had no better last chance to avoid the accident than the plaintiff, that the case came within the class aptly described in Rottman v. Beverly, 1936, 183 La. 947, 165 So. 153, 155:

" * * * There was negligence on both sides which continued to the moment of the accident, and the negligence on each side was of the same character—a failure to observe, to take proper precautions. The negligence of the plaintiffs and that of the defendants was concurrent, contemporaneous, down to the moment of the accident. In those cases the fault of each operated directly to cause the injury. The defendants had no better 'last chance' to avert the accident than did the

pedestrians, and inasmuch as the pedestrians could have avoided the injuries by taking proper precautions, and failed to do so, and as their negligence continued down to the accident, they were in no position to invoke in their behalf the doctrine of last clear chance."

We agree with the district judge that there is no showing of any negligence on the part of the railroad. But, if there had been negligence on both sides continuing to the moment of the accident, the railroad had no better "last chance" and, in our opinion, had less chance to avert the accident than Rutherford.

Tillman v. Public Belt R.R. Comm., La.App., 1949, 42 So.2d 888, 891, points out that the last clear chance doctrine applies to apparent peril, as well as to discovered peril. "But", said the court, "this does not mean that in any event and under all circumstances there is liability to the pedestrian or other person who may be struck." In that case, as in the instant case, the accident occurred on a dark foggy night. Because of the fog and a curve in the track, as a result of which the train's headlight did not project its beam between the rail where Tillman was lying, the court found that the defendant was not negligent in failing to discover Tillman.

In the cases appellant cited in his brief, the victim was drunk, or had fallen on the tracks, or was sitting on the tracks in a drunken stupor, or asleep on the tracks or walking down the middle of the tracks on a clear day, or in some position of peril where he was either unaware of the danger or unable to extricate himself from the peril. We referred to these cases in our original opinion not to show that in every case the inability to extricate oneself is a necessary condition precedent for application of the doctrine of last clear chance, but to show that in the cases appellant relied on there was an element of helplessness on the part of the plaintiff not present in the case before us. We recognize that in Louisiana the doc-

trine includes apparent peril as well as discovered peril.

 A restudy of the Louisiana cases leads us to reaffirm our original decision. We do so not by making findings of fact, as appellant seems to think, but by finding as a matter of law, as the district judge found, that the facts and the inferences, as supported by the overwhelming weight of the evidence, point so strongly in favor of the defendant that reasonable men could not possibly come to a contrary conclusion. A directed verdict is a device to save time and trouble involved in lengthy jury determination. It is something more. It is a method for protecting neutral principles of law from powerful forces outside the scope of law—compassion and prejudice.

Rehearing denied.

JOHN R. BROWN, Circuit Judge.
I respectfully dissent.