(126 So. 442)

No. 30308.

LE ROSEN v. NORTH CENTRAL TEXAS
OIL CO., Inc.

In re NORTH CENTRAL TEXAS OIL CO.,
Inc.

Jan. 6, 1930.

Rehearing Denied Feb. 3, 1930.

Barksdale, Bullock, Warren, Clark & Van
Hook, of Shreveport, for applicant.

Blanchard, Goldstein, Walker & O'Quin, of
Shreveport, for appellee.

ROGERS, J. The defendant company
seeks the annulment of a judgment of the
Court of Appeal for the Second Circuit, af-
firming a judgment of the district court of
the parish of Caddo, recognizing the expira-
tion of an oil and gas lease, with reservation
of plaintiff's right to sue for damages and at-
torney's fees.

On December 21, 1925, plaintiff, a married
man, executed an oil and gas lease covering
a certain tract of land in Caddo parish. The
lessee was one A. D. Madding, who subse-
quently assigned the lease to the defendant
company.

The lease, which is known in some states
as an "unless lease," provides, inter alia, as
follows, viz.:

"If no well be commenced on said land on
or before the 21st day of December, 1926, this
lease shall terminate as to both parties, unless
the lessee on or before that date shall pay or
tender to the lessor, or to the lessor's credit
in the American National Bank at Shreve-
port, Louisiana, the sum of Forty ($40.00)
Dollars, which shall operate as a rental and
cover the privilege of deferring the com-
mencement of a well for twelve (12) months
from said date."

The lessee failed to drill any well on the
leased premises within the year stipulated,
but on November 27, 1926, deposited in the
American National Bank, at Shreveport, the
sum of $40 to the joint credit of plaintiff and

his wife. Plaintiff was notified in the latter part of November, 1926, both by defendant and by the bank, that the deposit had been made.

This suit was filed in February, 1927, for the cancellation of the lease on the ground of nonpayment of the rent.

There is no dispute as to the facts. But the defendant interposes a twofold defense to plaintiff's action, namely, that the deposit was correctly made, and that defendant was estopped from demanding the cancellation of the lease.

 Under the first ground of defense, the defendant contends that the lease was entered into by plaintiff on behalf of the marital community and that the stipulation for the payment of the rent created an obligation in favor of the community. Hence the deposit was made in accordance with the terms of the contract.

The fact that the tract of land covered by the lease may be community property does not alter the lessee's contractual obligations. The marital community, or conjugal partnership, is a legal entity distinct from the persons composing it. The lease was granted by plaintiff as lessor and expressly accepted from him in that capacity by defendant's assignor.

It is true that, under the law, the plaintiff is vested with control of the community property, but that fact did not authorize the defendant to make the deposit to the joint credit of the husband and the wife, when its contractual obligation required it to make the deposit to the credit of the husband alone.

Under the law a married woman is authorized to deposit money or other funds in bank and to withdraw the same without the authorization or assistance of her husband.

Act No. 63 of 1896. The bank, under the terms of the deposit, was obligated to account for the fund to plaintiff's wife as well as to plaintiff. Hence the money deposited was not subject to the unconditional control and order of the lessor.

 We fail to see any room for the application of the plea of estoppel, the second ground of defense. It was defendant's duty to comply with the agreement in order to obtain its enforcement. Defendant could not omit to comply with its contract, relying upon notice from the plaintiff to enable it to supply the omission.

There is no suggestion that plaintiff did anything whatever to induce the defendant to make the deposit to the joint account of his wife and himself. Defendant was as well informed as plaintiff was of the condition under which its option could be extended. There was no legal duty resting upon plaintiff to advise defendant that it had failed to comply with the condition; its failure to do so not being in any wise attributable to plaintiff.

For the reasons assigned, the rule nisi herein issued is recalled, and the judgment of the Court of Appeal is affirmed.

O'NIELL, C. J., dissents and hands down reasons.

O'NIELL, C. J. (dissenting). It was admitted on the trial of this case that the land leased by Le Rosen to Madding belonged to the marital community existing between Le Rosen and his wife, Louise Le Doux Le Rosen. It was stated in the contract of lease that Le Rosen was then married to Louise Le Doux; which implied that he was acting for the community, or for himself and his wife. That is what led the oil company, as lessee, to believe that the rental of $40 should be

deposited to the credit of both the husband and wife. The company therefore made the deposit accordingly, and immediately notified Le Rosen that the deposit was made in that way with the intention of complying with the contract. The bank also so notified Le Rosen more than three weeks before the expiration of the time limit for making the deposit. Le Rosen therefore knew that the oil company was relying upon its interpretation of the contract; he knew that, if he let the company know that he intended to make the frivolous complaint that the $40 was not deposited entirely to his credit, the company could and would protect itself against a forfeiture of the lease, by having the whole $40 deposited to his credit; and so he preferred to take advantage of what he knew was, at its worst, an honest and harmless mistake on the part of the oil company, by leaving the company in ignorance of his intention to complain until after the 26th of December, 1926.

The oil company could not have had any possible motive in depositing the $40 to the credit of both Le Rosen and his wife, instead of depositing the whole amount to Le Rosen's credit, except to comply with the condition on which alone the company could prevent a forfeiture of the lease. It is certain, therefore, that the oil company would have corrected its error, if in fact it was an error, if Le Rosen had not deceived the company by silently acquiescing in the way in which the deposit was made.

It is said in the prevailing opinion rendered in this case that the subscribers to the opinion "fail to see any room for the application of the plea of estoppel," etc. And it is said: "There is no suggestion that plaintiff did anything whatever to induce the defendant to make the deposit to the joint account of his wife and himself." What in-duced the oil company to make the deposit to the credit of Le Rosen and his wife, instead of making it to the credit of Le Rosen alone, was, as I have said, the statement in the contract of lease which conveyed the implication that the lease was made by Le Rosen for himself and his wife. But the plea of estoppel is not founded upon that fact, or upon the idea that Le Rosen induced the oil company to deposit the $40 to the credit of Le Rosen and his wife, instead of depositing it to his credit alone. The plea of estoppel is founded upon Le Rosen's acquiescence in the deposit being made to the joint credit of him and his wife. His silence, when he should have spoken if he had any complaint to make, was as effective an acquiescence as if the oil company had sent him and he had retained a check payable to him and his wife, with a letter saying that the payment was to prevent a forfeiture of the lease. For that reason I see so much "room for the application of the plea of estoppel" that I respectfully dissent from the prevailing opinion and the decree rendered in this case.