ODOM, Justice.
 

 On March 24, 1936, plaintiff granted an oil and gas lease on 162 acres of land in Caddo parish to George B. Foster, and Foster assigned it to the defendant company.
 

 The consideration paid was $1 per acre, or $162, cash, which covered the rental for one year. The primary term of the lease
 
 *311
 
 was ten years, the contract containing the following stipulation:
 

 “If operations for drilling are not commenced on said land on or before one year from this date this lease shall then terminate as to both parties unless on or before such anniversary date lessee shall pay or tender to lessor or to the credit in First National Bank at Shreveport, La., (which bank and its successors are lessor’s agent and shall continue as the depository for all rentals payable hereunder regardless of changes in ownership of said land or the rentals) the sum of Eighty-one and no/100 ($81.00) (herein called rental) which shall cover the privilege of deferring commencement of drilling operations for a period of twelve (12) months. In like manner and upon like payments or tenders annually the commencement of drilling operations may be further deferred for successive periods of twelve (12) months each during the primary term.”
 

 Prior to the expiration of the first year, the defendant oil company, not having commenced drilling operations, deposited in the First National Bank of Shreveport the sum of $81 to the credit of “A. B. Clingman and wife, Sallie Mat Fullilove Clingman,” the purpose of the deposit being to secure the privilege granted by the contract of deferring drilling operations for another year.
 

 After the expiration of one year from the date of the contract, plaintiff brought suit, alleging that said lease had been forfeited because of nonpayment of the amount for renewal as required by the contract, and prayed that it be canceled and erased from the record. He prayed also for $250 attorney’s fees. There was judgment as-prayed for, and defendant appealed.
 

 The land covered by the lease belongs to the community of acquets and gains which exists between A. B. Clingman and his wife, Mrs. Sallie Mat Fullilove Clingman. The lease was executed by A. B. Clingman, the husband, and was signed by him alone. He was the lessor, being the head and master of the community. It is provided in the contract that if no drilling operations are commenced on or before one year from its date, it shall terminate as to all parties, “unless on or before such anniversary date lessee shall pay or tender to lessor” the 'sum of $81. The First National Bank of Shreveport was made the agent of the lessor to receive the tenders or payments. The required amount for the extension was deposited in the bank within the year, but not to the credit of the lessor. According' to specific instructions given to the bank by defendant’s representative, the bank credited the amount to the lessor and his. wife, as above stated.
 

 The sole question presented is whether that payment and deposit met the requirements of the contract and had the effect of continuing the lease for an additional year. The identical question was presented to and decided by this court in the case of Le Rosen v. North Central Texas Oil Co., Inc., 169 La. 973, 126 So. 442. The circumstances, situation, and pleas there presented were the same as those presented here. We adhere to our ruling in that case, that such, deposit does not meet the plain and unambiguous requirements of the contract.
 

 
 *313
 
 A restatement of the reasons why would subserve no useful purpose. The two recent cases, Young v. Arkansas-Louisiana Gas Co., 184 La. 460, 166 So. 139, and Otwell v. Vaughan, 186 La. 911, 173 So. 527, 529, cited by counsel for appellant, have no application.
 

 The judgment is affirmed.
 

 HIGGINS, J., takes no part.