**HAYNES et al. v. SOUTHWEST NATURAL GAS CO. et al.**

No. 10040.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1941.

R. N. Grisham, of Eastland, Tex., for appellants.

Hugh B. Smith and Ogden K. Shannon, Jr., both of Fort Worth, Tex., for appellees.

Before HUTCHESON and McCORD, Circuit Judges, and DAWKINS, District Judge.

HUTCHESON, Circuit Judge.

The suit was for an accounting for the value of gas taken from one well on, and for the cancellation except as to ten acres of, a 200-acre oil and gas lease.[1] The claim on the accounting was that instead of six cents per thousand which had been paid them by defendant, "as the market value at the well", of their royalty gas, they should have been paid seventy-five cents per thousand, the price at which defendants marketed the gas in neighboring towns. The claim for cancellation was that by reason of the refusal of defendant to develop the premises by the drilling of additional wells, they are entitled to a cancellation of the lease on 190 acres without the necessity of an interlocutory order.

The defense on the accounting was that defendant had, since June, 1936, when the well was brought in, regularly and fully accounted for and paid to plaintiffs monthly, as provided for in the lease, for its royalty, "the market value at the well, of 1/8 of the gas sold and used off the premises and on the gas sold at the wells, 1/8 of the amount realized from

---

[1] The lease for a preliminary term of five years, "and as long thereafter as" oil, gas or other mineral, is produced, provided (3) the royalties to be paid lessor are: (a) on oil * * * (b) on gas * * * the market value at the well of 1/8 of the gas so sold or used, provided that on gas sold at the wells, the royalty shall be 1/8 of the amount realized from such sale * * * (8) the breach by lessee of any obligations arising hereunder shall not work a forfeiture or termination of this lease nor cause a termination or reversion of the estate created hereby nor be grounds for cancellation hereof in whole or in part, save as herein expressly provided. If the obligation for reasonable development should require the drilling of a well or wells, lessee shall have ninety (90) days after ultimate judicial ascertainment of the existence of such obligation within which to begin the drilling of a well, and the only penalty for failure to do so shall be the termination of this lease save as to ten (10) acres for each well being worked on and/or being drilled and/or producing oil or gas to be selected by lessee so that each 10 acre tract will embrace one such well."

such sale." For a defense to the cancellation sought, defendant denied the charges that it had failed to reasonably develop the land and pleaded the provision of Paragraph 8 of the lease.

At the conclusion of plaintiffs' evidence which consisted of admissions made by defendant under Rule 36, and of testimony of two of the plaintiffs, as to the development of work done by one of them on the leased property many years before it had been leased to defendant, there was a motion for judgment.

The District Judge, of the opinion that plaintiffs' proof had failed to make out a case, either for an accounting or for cancellation, gave judgment for defendant. Appellants are here insisting that the admissions of defendant, that it marketed gas from the well in the neighboring town of Deleon and through its system to its customers therein, and in Comanche and Stevenville, at seventy-five cents a thousand cubic feet, made out their case. Pointing to the regular payment to plaintiffs of six cents for the gas, to their purchases from others at six cents at the well, and to the absence of any proof that there was no market value at the well, or that defendants sold any gas at the well for any other or different price than six cents, appellees insist that the proof of sales to ultimate consumers in the surrounding towns was wholly irrelevant, and that the record so standing, plaintiffs' case on this point fails for want of evidence. It insists too, citing authorities,[2] that in the state of the record, the regular payments to and settlements with plaintiffs, at six cents, constitute a settlement and an accord and satisfaction as to all payments so made and accepted. Upon the claim for cancellation, appellants point to the findings of fact of the court,[3] that defendant had used reasonable diligence in developing and drilling the land and had not abandoned the lease or any part of it. They point too to the claim in the pleadings for an immediate cancellation as opposed to the provision in Clause 8 in the lease for judicial ascertainment of the existence of an obligation to further develop. They insist that the judgment in this respect was right.

We agree with appellees. In long drawn out controversies, arising in Louisiana, we have had recent occasion to canvass and determine, the meaning and effect of a market value clause in a gas lease, the requirements of proof with respect thereto, and the rights of parties thereunder.[4] We have there made it clear, that such a clause makes the value at the well controlling, that it is only where the proof shows there is no market value at the well that prices obtained in the vicinity thereof, can be resorted to, and that this resort is only for the purpose of the light they throw on market value at the well, and not for the purpose of obtaining those prices. Under the principles there announced, plaintiffs' case completely fails. for, as pleaded and as proven, it was an effort to recover the value at the well of prices paid, by ultimate consumers of the product for delivery to them through gas distribution systems. Upon their claim for cancellation, plaintiffs stand no better on

---

[2] Peurifoy v. Hood Rubber Products Company, Tex.Civ.App., 59 S.W.2d 428; Buford v. Inge Construction Company, Tex.Civ.App., 279 S.W. 513; First National Bank v. Patty, Tex.Civ.App., 62 S. W.2d 629; Warfield Natural Gas Company v. Allen, 261 Ky. 840, 88 S.W.2d 989.

[3] Findings of Fact. "2. Defendant Southwest Natural Gas Company drilled a producing gas well upon the land in 1936, during the first year of said lease, and has continuously thereafter produced gas from said well, * * *.

"5. A reasonably prudent operator, having in mind the interest of lessors, as well as his own, would not have drilled any well on the land in question in addition to the one already drilled. Additional wells could not have been drilled and operated at a profit, and the one well drilled constituted reasonable development. Defendant Southwest Natural Gas Company has not been guilty of any failure to use reasonable diligence in drilling and developing the land covered by the lease.

"6. Defendant Southwest Natural Gas Company has not abandoned said lease or any part thereof, but at all times involved has been continuously engaged in producing gas from the leased premises from the well completed on the tract in 1936."

[4] Arkansas Natural Gas v. Sartor, 5 Cir., 78 F.2d 924; Sartor v. United Gas Public Service Company, 5 Cir., 84 F.2d 436, 437; Union Producing Company v. Pardue, 5 Cir., 117 F.2d 225; Hemler v. Hope Producing Company, 5 Cir., 117 F.2d 231; Cf. Wall v. United Gas Service Co., 178 La. 908, 152 So. 561; Sartor v. United Carbon Co., 183 La. 287, 163 So. 103; Sartor v. United Gas Public Service Co., 186 La. 555, 173 So. 103.

their pleadings and proof. In the face of a clause in the lease which makes express provision against cancellation for failure to develop, until that failure has been judicially ascertained and an opportunity given to comply with the decree,[5] plaintiffs in their pleadings demanded an immediate cancellation. In the face too, of the finding of the District Judge, which finds support in the proof that there was no showing of want of due diligence, Cosden Oil Co. v. Scarborough, 5 Cir., 55 F.2d 634, Cawden v. Texas Development Company, 5 Cir., 89 F.2d 947; plaintiffs, by their motion, sought a judgment for immediate cancellation.

The judgment was right. It is affirmed.

---

[5] Cf. Cosden Oil Co. v. Scarborough, 5 Cir., 55 F.2d 634; Sauder v. Mid-Continent Corp., 292 U.S. 272, 54 S.Ct. 671, 78 L.Ed. 1255, 93 A.L.R. 454; Amerada Petroleum Co. v. Doering, 5 Cir., 93 F. 2d 540, 114 A.L.R. 1385; Hull v. Magnolia Petroleum Co., 5 Cir., 119 F.2d 123.