**86 So.2d 62**

**L. H. NUNLEY**

v.

**SHELL OIL COMPANY et al. (Vanson Production Company).**

**No. 42197.**

Supreme Court of Louisiana.
Feb. 20, 1956.

Blanchard, Goldstein, Walker & O'Quin, Shreveport, for relator.

Colvin & Hunter, Mansfield, for respondent.

PONDER, Justice.

Writs were granted in this case limited to the question of whether or not the

plaintiff was entitled to attorney's fees under the provisions of LSA–R.S. 30:102.

The plaintiff brought suit seeking the partial concellation of an oil and gas lease on the ground of non-development and for attorney's fees. The lease in question covered 84 acres of land. Forty-four acres of this land, was included in a 640 acre drilling unit established by the Department of Conservation. The plaintiff-lessor is seeking in this suit to have the lease cancelled on the remaining forty acres of land, lying outside of the drilling unit, on the ground of non-development. The suit was opposed by the defendant oil company and on trial the district court rejected the plaintiff's demand. On appeal, the court of appeal reversed the judgment of the district court and gave judgment in favor of the plaintiff ordering the cancellation of the lease insofar as it affected the forty acres of land lying outside of the drilling unit and awarded the plaintiff $1,000 as attorney's fees together with all costs. The defendant applied to this Court for writs which were granted limited to the question of its liability for attorney's fees. The matter has been submitted for determination.

The defendant-relator contends that LSA–R.S. 30:102 is a penal statute and that its provisions must be strictly construed. The relator takes the position that the statute applies only where the entire lease is cancelled on the ground that it has lapsed by failure to pay delay rentals or by the failure on the part of the lessee to comply with the condition for prevention of forfeiture. Relator takes the further position that equitable defenses are available when there is a demand for the partial cancellation of the lease.

LSA–R.S. 30:102 provides:

"Cancellation of lease at termination of option required; liability for failure to cancel—Whenever an optional oil or gas lease shall lapse because of the termination of the full period within which it may be kept alive by the payment of rentals, or because of failure on the part of the lessee to comply with the condition for the prevention of forfeiture, the lessee shall within ten days after written demand on the part of the lessor furnish the lessor with an acknowledged instrument, directing the cancellation of the lease on the records.

"If a lessee, having been given written notice demanding cancellation of the lease, fails or refuses to comply within ten days, he shall be liable to the lessor for a reasonable attorney's fee incurred by the lessor in bringing suit to have the cancellation adjudged. He shall also be liable to the lessor for all damages suffered by him by reason of his inability to make a lease because of the non-cancellation."

In Humble Oil & Refining Co. v. Romero, 194 F.2d 383, Fifth Circuit, there was

a partial cancellation of an oil and gas lease and the court held that the plaintiff therein was not entitled to attorney's fees under the provisions of LSA–R.S. 30:102. Therein the attorney's fees were denied on the ground that the lease had not lapsed and that since the plaintiff was not entitled to have the lease cancelled from the record "as lapsed" the statute did not apply.

In the case of Wilcox v. Shell Oil Co., 226 La. 417, 76 So.2d 416, the lease was cancelled for failure to pay delay rentals, and attorney's fees were allowed.

In the case of Eota Realty Co. v. Carter Oil Co., 225 La. 790, 74 So.2d 30, wherein this Court ordered a partial cancellation of the lease on the ground that no well had been drilled on the property and the primary term had expired, attorney's fees were allowed under the provisions of LSA–R.S. 30:102.

In the case of Wier v. Grubb, 228 La. 254, 82 So.2d 1, handed down after the writs were granted in the present case, the sublessor sought the cancellation of a lease and two assignments thereunder on the ground of forfeiture resulting from the defendant's failure to sufficiently and diligently develop the land; this Court ordered the cancellation of the sublease save and except as to an area of five acres around a producing well and allowed attorney's fees under the provisions of LSA–R.S. 30:102.

While the Romero case, a Federal decision, is in conflict with the decisions of this Court, heretofore referred to, we feel bound to follow the jurisprudence of this state recognizing an award for attorney's fees wherein a partial cancellation of a lease has been ordered.

For the reasons assigned, the judgment awarding the respondents attorney's fees is affirmed at relator's cost.

McCALEB, J., concurs with written reasons.

McCALEB, Justice (concurring).

A literal interpretation of LSA–R.S. 30:102, which is quoted in the main opinion, furnishes much support to the contention of defendant that attorney's fees are recoverable by a mineral lessor only in event of a lapse and complete forfeiture of the lease. Hence, it appears to me that the decision in the case hinges upon whether R.S. 30:102 is a penal statute, which must be strictly construed, or whether the attorney's fees provided for therein may be regarded as compensatory damages, thus warranting a more liberal interpretation of the law.

It is my opinion that the provision for liability "for a reasonable attorney's fee incurred by the lessor in bringing suit to have the cancellation adjudged" is not a penalty inflicted on the lessee for the breach of his obligations under the lease; it is simply recognition of a right to rec-

ompense for an expense incurred by the lessor which would not be recoverable in the courts in the absence of a statute or special agreement between the parties. Thus viewed, the statute is entitled to a reasonable interpretation, which would seem to justify the conclusion of the majority that its provisions apply to cases involving a partial cancellation of the lease because of the lessee's breach as well as those in which a complete lapse or forfeiture has been adjudged.

I concur in the decree.